UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY HOGAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ZAK SHAPIRO, et al.,<br><br>  Defendants. | Case No. 17-cv-06031-WHO<br><br>**ORDER TO SHOW CAUSE WHY ARBITRATION SHOULD NOT BE COMPELLED**<br><br>Re: Dkt. No. 13 |

Defendants move to compel arbitration of plaintiffs' claims in this case. Dkt. No. 13. In support of their motion, defendants submit pages 5 and 6 of what they claim are Account Agreements between plaintiffs and defendant Oppenheimer & Co., Inc. Declaration of John T. McGuire [Dkt. No. 13-1], Ex. A.[1] Pages 5 and 6 purport to be part of the "Version 2/2013 CA" Agreement, with page 5 including the terms of a pre-dispute arbitration clause and page 6 including an acknowledgment of the arbitration agreement and signature blocks. *Id.*

In opposition, plaintiffs argue that they would be "happy" to submit their claims to arbitration, but only if defendants produced copies of the entire Account Agreements signed by plaintiffs. Dkt. No. 15. Plaintiffs complain that, despite repeated requests, defendants had not furnished complete copies of the executed Account Agreements, and that without the entire Agreements it was impossible to understand the exact terms and scope of what the parties contracted for, including the terms of any arbitration clause. *Id.* at 3. In reply, defendants provided an "exemplar" of the entire Account Agreement that Oppenheimer used during the relevant timeframe and marked—consistent with pages 5 and 6 already provided—"Version

---

[1] Both plaintiffs are alleged to have signed an Account Agreement to open a Joint Tenant Account and plaintiff Clay Hogan is alleged to have signed an Account Agreement to open a Roth IRA. McGuire Decl., ¶ 3.

2/2013 CA." Supplemental Declaration of John T. McGuire [Dkt. No. 16-1] ¶¶ 2-3 & Ex. A.

In comparing pages 5 and 6 of the blank Account Agreement exemplar and pages 5 and 6 executed by plaintiffs, it appears that both sets of pages are identical in form and substance. Based on this evidence, and the Supplemental Declaration of John T. McGuire, I am inclined to GRANT the motion to compel arbitration but DENY defendants' request for attorneys' fees because of defendants' failure to provide a complete exemplar of the relevant Account Agreement until *after* filing their motion to compel.

If plaintiffs now agree to submit to arbitration, they shall respond to this Order to Show Cause by informing the Court of that fact on or before January 16, 2018. If plaintiffs want to proceed with their opposition to the motion to compel, with new arguments based on the evidence produced by defendants in reply, plaintiffs may file a sur-reply not to exceed two pages on or before January 16, 2018. The matter will then be taken under submission. The January 17, 2018 hearing is VACATED.

**IT IS SO ORDERED.**

Dated: January 9, 2018

William H. Orrick
United States District Judge